IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LENORA DONALD BUTLER,                )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )     CIVIL ACTION NO. 1:12CV318-MHT
                                     )
GOLDEN CORRAL, et al.,               )
                                     )
          Defendants.                )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Lenora Donald Butler, proceeding *pro se* and *in forma pauperis*, brings this

action against three defendants: Golden Corral, Jeff Hooverman,[1] and Donna Mayer.  (Doc.

## 1, 2, 8).  In the EEOC charge attached to her complaint, plaintiff identifies Hooverman

and Mayer as supervisory employees.  (Doc. # 1).  Plaintiff filed her original complaint on

a form provided by the Clerk for asserting violations of constitutional rights.  However,

plaintiff did not allege that any defendant is a state actor, nor did she allege any facts that

would support such a conclusion.  (See id.)  Accordingly, in a recommendation entered on

June 14, 2012, the undersigned Magistrate Judge concluded that – while plaintiff's factual

allegations are set forth in the paragraph of the form complaint designated for "the facts on

which you base your allegation that your constitutional rights have been violated" – her

complaint and the attached EEOC charge alleged only age discrimination in violation of the

---

[1]  Golden Corral and Mayer assert that the last name of this defendant is "Hovermale," not
"Hooverman" and, also, that the legal name of the entity identified in the complaint as "Golden
Corral" is "Golden Corral Corporation."  (See Answer, Doc. # 11, p. 1 nn. 1, 2).

ADEA. (Doc. # 18). Plaintiff objected to the recommendation, asserting that the defendants

are liable as state actors for violating plaintiff's constitutional rights. (Doc. # 27). The court

vacated its previous recommendation and allowed plaintiff an opportunity to amend her

complaint to allege facts in support of her contention – raised for the first time in her

objection to the recommendation – that the defendants are state actors for purposes of her

constitutional claims. (Doc. # 28). Upon consideration of plaintiff's complaint, as amended,

complaint (Doc. ## 1, 30), the court concludes that plaintiff's constitutional claims against

Golden Corral and all of her claims against the individual supervisory defendants are due to

be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

In her amended complaint, plaintiff continues to maintain that the supervisory

defendants are liable for violating her constitutional rights, but – despite the court's

instruction that she do so (see Doc. # 28) – plaintiff alleges no *facts* to support her conclusory

allegation that these defendants are state actors. She alleges that defendants have violated

her federal constitutional rights to equal protection and due process of law, as made

applicable to the states by the Fourteenth Amendment. (See Doc. # 30). However, the

Fourteenth Amendment "'erects no shield against merely private conduct, however

discriminatory or wrongful.'" Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)(quoting Shelley

v. Kraemer, 334 U.S. 1, 13 (1948)). Instead, it "applies to acts of the states, not to acts of

---

[2] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

private persons or entities." Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982). "And [42 U.S.C.] § 1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth Amendment, prohibits interference with federal rights under color of state law." Id. at 438. To succeed in a § 1983 action, a plaintiff must demonstrate that the challenged conduct was committed by a person acting "under color of state law" and deprived the plaintiff of rights, privileges or immunities arising under the U.S. Constitution or federal law. Harvey v. Harvey, 949 F.2d 1127, 1130 (1992)(citing Flagg Brothers, Inc. v. Brooks., 436 U.S. 149, 156-57 (1978)). In the context of claims arising under the Fourteenth Amendment – as in this case – the "critical question" is whether the defendant's "alleged actions are 'fairly attributable to the State.'" Harvey, 949 F.2d at 1130 (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). For this to be so, the defendant must be a "state actor" and the alleged deprivation "'must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'" Id. (quoting Lugar, 457 U.S. at 937). While private parties may "in rare circumstances" be subject to § 1983 liability as state actors (see id., 949 F.2d at 1130-34), plaintiff alleges no facts whatsoever in her amended complaint suggesting that any such circumstances exist in the present case. Thus, plaintiff has failed to state actionable § 1983 due process and equal protection claims against any of the defendants.

Plaintiff's remaining claim, as set forth in her original complaint and the attached EEOC documents, is one for employment discrimination in violation of the Age

Discrimination in Employment Act of 1967.[3]  The ADEA provides for liability against a plaintiff's "employer," not against individual supervisory employees who made the challenged employment decisions.  See 29 U.S.C. § 630(b); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995)(construing ADEA claim as applying only to the employer even though – "[r]ead literally" – it sought relief against two individual-capacity defendants, since these defendants could not be considered plaintiff's employer and, thus, could not be held liable under the ADEA).  Accordingly, plaintiff may not maintain her ADEA claims against Hovermale or Mayer.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Golden Corral Corporation and Jeff Hovermale be substituted for the defendants presently identified incorrectly as Jeff Hooverman and Golden Corral;

(2) all of plaintiff's claims against Hovermale and Mayer be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

(3) plaintiff's § 1983 due process and equal protection claims against Golden Corral Corporation be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

(4) this action be referred back to the undersigned Magistrate Judge for further proceedings on plaintiff's ADEA claim against Golden Corral Corporation.

---

[3]  Construing plaintiff's factual allegations liberally, the court can discern no basis for liability against the defendants other than those addressed in this recommendation.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before August 2, 2012.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 19th day of July, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE